BENEDICT O'MAHONEY (Bar No.152447)
TERRA LAW LLP
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone:  408-299-1200
Facsimile:  408-998-4895
Email:  bomahoney@terralaw.com

JONATHAN T. SUDER (*Pro Hac Vice To Be Filed*)
CORBY R. VOWELL (*Pro Hac Vice To Be Filed*)
TODD I. BLUMENFELD (*Pro Hac Vice To Be Filed*)
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email: jts@fsclaw.com
Email:  vowell@fsclaw.com
Email:  blumenfeld@fsclaw.com

Attorneys for Plaintiff
SOFTVAULT SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SOFTVAULT SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ELECTRIC COMPANY,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NOS. 6,249,868 AND 6,594,765**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SOFTVAULT SYSTEMS, INC. files its Complaint against Defendant GENERAL ELECTRIC COMPANY, alleging as follows:

### THE PARTIES

1. Plaintiff SOFTVAULT SYSTEMS, INC. ("SoftVault") is a corporation organized and existing under the laws of the State of Washington with its principle place of business in the State of Washington.

2. Upon information and belief GENERAL ELECTRIC COMPANY ("GE") is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Fairfield, CT. GE may be served with process through its registered agent CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017.

### JURISDICTION AND VENUE

3. This is an action for infringement of United States patents. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, GE is subject to personal jurisdiction by this Court. GE has committed such purposeful acts and/or transactions in the State of California that it reasonably knew and/or expected that it could be hailed into a California court as a future consequence of such activity. GE makes, uses, and/or sells infringing products within the Northern District of California and has a continuing presence and the requisite minimum contacts with the Northern District of California, such that this venue is a fair and reasonable one. Upon information and belief, GE has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Northern District of California. For all of these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), (2) and (c)(2) and 28 U.S.C. § 1400(b).

### PATENTS-IN-SUIT

5. On June 19, 2001, United States Patent No. 6,249,868 BI ("the '868 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX

1  SYSTEMS." A true and correct copy of the '868 Patent is attached hereto as Exhibit A and made a part hereof.

6. On July 15, 2003, United States Patent No. 6,594,765 B2 ("the '765 Patent") was duly and legally issued for "METHOD AND SYSTEM FOR EMBEDDED, AUTOMATED, COMPONENT-LEVEL CONTROL OF COMPUTER SYSTEMS AND OTHER COMPLEX SYSTEMS." A true and correct copy of the '765 Patent is attached hereto as Exhibit B and made a part hereof.

7. The '868 Patent and the '765 Patent are sometimes referred to herein collectively as "the Patents-in-Suit."

8. As it pertains to this lawsuit, the Patents-in-Suit, very generally speaking, relate to a method and system of remotely enabling and disabling electronic, mechanical, and electromechanical devices and systems, such as for example a computer system, an electricity meter containing a computer system, or an energy system. Specifically, certain claims of the '868 and '765 Patents disclose the utilization of embedded agents within system components to allow for the enablement or disablement of the system component in which the agent is embedded. The invention disclosed in the Patents-in-Suit discloses a server that communicates with the embedded agent through the use of one or more handshake operations to authorize the embedded agent. When the embedded agent is authorized by the server, it enables the device or component, and when not authorized the embedded agent disables the device or component.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement)

9. SoftVault repeats and realleges every allegation set forth above.

10. SoftVault is the owner of the Patents-in-Suit with the exclusive right to enforce the Patents-in-Suit against infringers, and collect damages for all relevant times, including the right to prosecute this action.

11. Upon information and belief, GE is liable under 35 U.S.C. §271(a) for direct infringement of the Patents-in-Suit because it manufactures, makes, has made, uses, practices,

imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that practice one or more claims of the Patents-in-Suit.

12.  More specifically, GE, through its GE Digital Energy division and Smart Meter product offerings, infringes the Patents-in-Suit because it makes, uses, sells, and offers for sale products and systems that include the capability to remotely enable and disable a computer-based electricity, gas, or water meter.  GE's Smart Meter offerings have the ability to enable or disable the operation of a Smart Meter through an authorization process performed by an embedded agent within the Smart Meter and a remote server. By way of example only, GE's Grid IQ AMI P2MP software and its Smart Metering Operations Suite operating with Smart Meters such as the Ansi I-210 and IEC SGM1100/SGM3000, at a minimum, in the past directly infringed and continues to directly infringe at least claim 44 of the '868 Patent, as well as at least claims 9 and 15 of the '765 Patent.

13.  GE's Grid IQ AMI P2MP software and its Smart Metering Operations Suite include the capability to enable or disable Smart Meters such as the Ansi I-210 and IEC SGM1100/SGM3000.  The Ansi I-210 and IEC SGM1100/SGM3000 Smart Meters include software, containing an agent, that is installed and embedded within the Smart Meter and communicates with a server (the "Utility Data Control Center" or "Utility Monitoring & Control Center").  This communication includes a series of message exchanges, through either "Residential Communication" or "Utility Communication", constituting a handshake operation between the "Utility Data Control Center" or "Utility Monitoring & Control Center" and the Smart Meter. Through these exchanges the server and the embedded agent mutually authenticate one another through a process GE terms "Mutual Entity Authentication", resulting in "meters and devices [joining] only a valid network and only valid meters or devices [joining] a network." When the agent is authorized by the server, it will connect/reconnect the Smart Meter and allow it to supply electricity to the house or building to which it is attached.  When the agent is not authorized by the server, the Smart Meter is remotely disconnected and disabled such that it cannot supply electricity to the house or building.

14.     GE has actual notice of the Patents-in-Suit at least as early as the filing of this Complaint.

15.     SoftVault has been damaged as a result of GE's infringing conduct.  GE is, thus, liable to SoftVault in an amount that adequately compensates SoftVault for GE's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## PRAYER FOR RELIEF

SoftVault requests that the Court find in its favor and against GE, and that the Court grant SoftVault the following relief:

a. Judgment that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by GE;

b. Judgment that GE account for and pay to SoftVault all damages to and costs incurred by SoftVault because of GE's infringing activities and other conduct complained of herein;

c. That GE, its officers, agents, servants and employees, and those persons in active concert and participation with any of them, be permanently enjoined from infringement of the Patents-in-Suit.  In the alternative, if the Court finds that an injunction is not warranted, SoftVault requests an award of post judgment royalty to compensate for future infringement;

d. That SoftVault be granted pre-judgment and post-judgment interest on the damages caused to it by reason of GE's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award SoftVault its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f. That SoftVault be granted such other and further relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: March 12, 2014.

/s/ Benedict O'Mahoney

Benedict O'Mahoney
(Bar No.152447)
TERRA LAW
177 Park Avenue, Third Floor
San Jose, California 95113
Telephone:  408-299-1200
Facsimile:  408-998-4895
Email:  bomahoney@terralaw.com

Attorney for Plaintiff
SOFTVAULT SYSTEMS, INC.

Of Counsel:

Jonathan T. Suder
Corby R. Vowell
Todd Blumenfeld
  FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas  76102
Telephone:  (817) 334-0400
Facsimile:  (817) 334-0401
Email:  jts@fsclaw.com
Email:  blumenfeld@fsclaw.com
Email:  vowell@fsclaw.com